UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-06652-CAS(PJWx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MIGUEL AREVALO V. CHIPOTLE SERVICES, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Kim Farrar | Adam Royval | |

**Proceedings:**     MOTIONS *IN LIMINE*

Plaintiff, Miguel Arevalo ("Arevalo"), filed this action on July 18, 2014 in Los Angeles County Superior Court against defendants Chipotle Services, LLC ("Chipotle"), John Doe, and Does 1 through 100 (collectively, "defendants"). Dkt. 1. Defendants' removed the action to this Court on August 25, 2014. Id. In brief, plaintiff alleges that defendants discriminated against him and ultimately terminated his employment on the basis of his sexual orientation. In addition, plaintiff alleges that defendants failed to make adequate accommodations for him and discriminated against him after he sustained a wrist injury in the course of his employment.

**I.    DEFENDANTS' MOTION *IN LIMINE* NO. 1—TO EXCLUDE HEARSAY EVIDENCE**

In this action, plaintiff alleges that he was harassed on the basis of his sexual orientation and terminated because he reported this alleged harassment to his supervisors. Defendants anticipate that plaintiff may attempt to introduce evidence that he discussed his alleged harassment with his relatives, with a former employee of Chipotle, with his Alcoholic Anonymous sponsor, with employees of the rehabilitation facility at which plaintiff resided during a portion of his employment by Chipotle, with his doctor, and/or with his therapist. Defendants contend that all such evidence constitutes inadmissible hearsay and should, therefore, be excluded at trial.

To the extent this testimony is introduced to prove that plaintiff was, in fact, harassed it is being offered for the truth of the matter asserted and is thus hearsay. However, to prove his claim for harassment plaintiff must demonstrate, among other things, that he personally perceived his work environment to be hostile or abusive. Lyle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-06652-CAS(PJWx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MIGUEL AREVALO V. CHIPOTLE SERVICES, LLC, ET AL. | | |

v. Warner Brothers Television Productions, 38 Cal. 4th 264, 279 (Cal. Ct. App. 2003) ("To be actionable . . . [the work] environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so."); Holmes v. Petrovich Development Co., 191 Cal. App. 4th 1047, 1059 (Cal. Ct. App. 2011) ("Likewise, a plaintiff who does not perceive the workplace as hostile or abusive will not prevail, even if it objectively is so."). The fact that plaintiff complained to friends, relatives, and other individuals regarding his alleged harassment is relevant to establish that he perceived his workplace as hostile and/or abusive.

Similarly, to prove his claim for retaliation, plaintiff must demonstrate that he engaged in a protected activity. As relevant to this case, such a protected activity may include complaining to ones supervisors about instances of harassment. Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1043 (2005) ("a retaliation claim may be brought by an employee who has complained of or opposed conduct that the employee reasonably believes to be discriminatory"). Thus, to the extent plaintiff were to introduce testimony that he told friends, relatives, and other individuals that he intended to complain about his alleged harassment to his supervisors, such testimony is relevant to demonstrate defendants state of mind—i.e., that, at least at the time he made these statements, plaintiff intended to complain to his supervisors. See Fed. R. Evid. 803(3) ("The following are not excluded by the rule against hearsay . . . A statement of the declarant's then-existing state of mind (such as motive, intent, or plan)").

Accordingly, the testimony identified by defendants is admissible for a number of non-hearsay purposes. Defendant's motion is, therefore, **DENIED**.

## II.   DEFENDANTS' MOTION *IN LIMINE* NO. 2—TO EXCLUDE UNDISCLOSED EXPERTS

Defendants move to preclude plaintiff from presenting any testimony, or evidence of any statements, by four of plaintiff's potential witnesses: Dr. Jesse Sanders, German Esparza, Kathy Watt, and Loyda Perez. Defendants believe that each of these witnesses may offer expert testimony. Nonetheless, defendants note that, in this case, plaintiff has not disclosed the identity of any expert witnesses he intends to call at trial. Accordingly, defendants argue plaintiff should be precluded from introducing the testimony of these witnesses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-06652-CAS(PJWx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MIGUEL AREVALO V. CHIPOTLE SERVICES, LLC, ET AL. | | |

      Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose to the other parties the identity of any witnesses it intends to call at trial to present expert testimony under Federal Rules of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, *or at a trial*, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

      However, in the instant case, plaintiff states that he does not intend to call *any* of these witnesses to present expert testimony under Federal Rules of Evidence 702, 703, or 705. Rather, with regard to Watt and Perez, plaintiff states that he "only intends to have Watt and Perez testify as percipient witnesses with personal knowledge relating to what Plaintiff Arevalo told them and that they told him to complain to his supervisors." Dkt. 48, at 5. This testimony is based solely on events and statements these witnesses personally observed and does not require an expert opinion. And, as stated *supra*, the Court finds that this testimony is admissible to establish, at a minimum, that plaintiff subjectively perceived his workplace as hostile.

      Moreover, while plaintiff does not specifically respond to defendants' request to exclude Dr. Sanders and Esparza, these two witnesses were plaintiff's treating physician and therapist, respectively. In this capacity, they likely have personal knowledge relevant to, among other things, plaintiff's claim that he suffered damages in the form of emotional distress. See also Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (noting that a treating physician is exempt from the disclosure requirements of rule 26(a) where "his opinions were formed during the course of treatment."); Mohney v. U.S. Hockey, Inc., 300 F. Supp. 2d 556, 560 (N.D. Ohio 2004) ("Courts consistently have found that treating physicians are not expert witnesses merely by virtue of their expertise in the respective fields. Only if their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment, may they be deemed experts."). And, like Watt and Perez, these witnesses may testify about statements plaintiff made regarding his alleged harassment and his intention to complain about this harassment to his supervisors.

      Accordingly, while plaintiff may not present expert testimony from witnesses he has not previously disclosed as experts, plaintiff is not offering the witnesses at issue in this motion as expert witnesses, but rather as percipient witnesses with personal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-06652-CAS(PJWx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MIGUEL AREVALO V. CHIPOTLE SERVICES, LLC, ET AL. | | |

knowledge relevant to this case. Defendants' motion to exclude the testimony of Dr. Sanders, Esparza, Watt and Perez is, therefore, **DENIED**.

### III. DEFENDANTS' MOTION *IN LIMINE* NO. 3—TO EXCLUDE TESTIMONY OF OR ABOUT RENE GUEVARA

Defendants' move to exclude the testimony of Rene Guevara ("Guevara") or any testimony about Guevara. Plaintiff has not filed an opposition to this motion.[1] Guevara is a former of employee of defendants who, allegedly, experienced harassment similar to that suffered by plaintiff. Plaintiff has testified that he and Guevara spoke to each other regarding their respective experiences working at Chipotle. Dkt. 37-3, Cavanugh Decl., Ex. B, Arevalo Depo., 26:14-23. Defendants contend that any testimony Guevara may offer regarding his own experiences working at Chipotle would be, at best, tangentially relevant to the events in this case, would be unfairly prejudicial to defendants, and would likely confuse and mislead the jury. The Court agrees.

California courts have recognized that, in some cases, "a reasonable person may be affected by knowledge that other workers are being . . . harassed in the workplace, even if he or she does not personally witness that conduct." Beyda v.City of Los Angeles, 65 Cal. App. 4th 511, 519 (Cal. Ct. App. 1998). However, here, it is unclear at what point in time Guevara worked at Chipotle or whether Guevara worked under the same management team and/or with the same coworkers as plaintiff. During his deposition, plaintiff could only state that Guevara "worked at Chipotle[ ] in the past." Dkt. 37-3, Cavanugh Decl., Ex. B, Arevalo Depo., 27:10; see also id. 27:14-16 ("Q: Do you know when he worked at that restaurant? A: I can't recall the year he did."). And plaintiff conceded that he and Guevara did not work at Chipotle at the same time. See id. 27:17-19. Evidence of Guevara's experience working at Chipotle at a different time than plaintiff and potentially with a different set of coworkers and supervisors is, at best, only minimally relevant to the issue of whether *plaintiff's* working environment was abusive or hostile.

---

[1] Pursuant to Central District Local Rule 7-12 the failure to file an opposition may be deemed consent to the granting of the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-06652-CAS(PJWx) | Date | March 7, 2016 |
| Title | MIGUEL AREVALO V. CHIPOTLE SERVICES, LLC, ET AL. | | |

On the other hand, were Guevara to testify, it would likely result in a mini-trial regarding Guevara's experience working at Chipotle and whether Guevara, in fact, suffered harassment while employed by Chipotle. Such a mini-trial may confuse the jury and mislead it into focusing on aspects of Guevara's allegations as opposed to plaintiff's. Moreover, this testimony carries a risk of unduly prejudicing defendants whose liability should be judged based upon plaintiff's allegations, and not Guevara's.

Accordingly given the relatively limited probative value of Guevara's testimony coupled with the risk of unfair prejudice and confusion, and particularly given that plaintiff does not oppose this motion, the Court **GRANTS** defendants' motion to exclude testimony regarding Guevara's experiences working at Chipotle.

### IV. PLAINTIFF'S MOTION *IN LIMINE* NO. 1—TO EXCLUDE EVIDENCE OF PRIOR CRIMINAL ARRESTS AND CONVICTIONS

Plaintiff moves to exclude evidence at trial regarding his prior criminal arrests and convictions. Defendants contend that the following aspects of plaintiff's criminal history should be admissible at trial: (1) a felony conviction for grand theft auto in 1993; (2) a DUI felony conviction in 2004; (3) a DUI felony conviction in 2008; (4) a misdemeanor DUI conviction in 1994; (5) a misdemeanor DUI conviction in 1996; and (6) a misdemeanor DUI charge in 2011. Dkt. 39, at 2.

Pursuant to Federal Rule of Evidence 609(a)(1) evidence that a witness has been convicted of a felony is admissible, subject to Rule 403, to attack that witness's character for truthfulness. However, if the conviction is more than ten years old it is only admissible if the probative value of the conviction "substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Here, defendants contend that plaintiff's three felony convictions are admissible to impeach his character for truthfulness. The Court disagrees. None of plaintiff's prior felony convictions involves crimes of dishonesty or falsity and thus, at best, they are only minimally probative of plaintiff's character for truthfulness. Moreover, while courts have occasionally held that crimes involving theft are probative of a character for truthfulness, here plaintiff was convicted of grand theft auto in 1993—more than two decades prior to this lawsuit. Accordingly, this conviction is subject to the more stringent balancing test for convictions that are more than ten years old.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-06652-CAS(PJWx) | Date | March 7, 2016 |
|---|---|---|---|
| Title | MIGUEL AREVALO V. CHIPOTLE SERVICES, LLC, ET AL. | | |

On the other hand, this evidence carries a considerable risk of prejudicing plaintiff in the eyes of the jury. As one court has explained: "the danger o[f] the evidence of arrests and convictions being misused is obvious. A jury may well determine that an individual with a prior criminal record is a bad person and less deserving of damages than a person without such a history. This jury could well consider [a party's] conviction and arrest record as making her an unworthy person and therefore, because of her character, less deserving of damages to which she may otherwise be entitled under the law." McDonald v. Hewitt, 196 F.R.D. 650, 653 (D. Utah 2000). Accordingly, the Court finds that the substantial risk of prejudice to plaintiff from presenting the jury with evidence of his prior convictions far outweighs the minimal probative value of this evidence.

In addition, defendants contend that plaintiff's entire criminal history—including both felony and misdemeanor charges—is admissible to rebut plaintiff's claim for emotional distress damages. In effect, defendants contend that this evidence is relevant to demonstrate plaintiff's mental instability and to establish that other sources contributed to plaintiff's claimed emotional distress. However, even assuming that plaintiff's convictions are relevant for this purpose—an assertion the Court significantly doubts—for the reasons stated above the Court finds that the substantial risk of prejudice to plaintiff outweighs the relevance of admitting these convictions.

Accordingly, the Court **GRANTS** plaintiff's motion to exclude evidence of prior criminal convictions and arrests.

IT IS SO ORDERED.

| | 00 | : | 15 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |